Michael H. Kim, Esq. (State Bar No. 200792)
**MICHAEL H. KIM, P.C.**
475 El Camino Real, Ste 309
Millbrae, CA 94030
Telephone: (650) 697-8899
Facsimile: (650) 697-8896
Email: michaelhkimla@gmail.com

Attorneys for Plaintiff
NICOLAS MOLINA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MOLINA,<br><br>Plaintiff,<br><br>vs.<br><br>SCANDINAVIAN DESIGNS, INC.;<br>DOES 1 THROUGH 100,<br><br>Defendant. | Case No.<br><br>**CV 13 4256**<br>COMPLAINT<br><br>1.  FAMILY MEDICAL LEAVE ACT VIOLATION<br>2.  CALIFORNIA FAMILY RIGHTS ACT VIOLATION<br>3.  WRONGFUL TERMINATION<br><br>[Jury Trial Requested] |

Plaintiff NICOLAS MOLINA complains and alleges as follows:

## THE PARTIES

1. Plaintiff NICOLAS MOLINA is an individual and resident of Redwood City, San Mateo County, California.

2. On information and belief, SCANDINAVIAN DESIGNS, INC. is and was a California corporation, doing business in the County of San Mateo, California. At all relevant times herein, Plaintiff NICOLAS MOLINA was an employee of SCANDINAVIAN DESIGNS, INC.

3. The true names and capacities of defendants Does 1 through 100, inclusive,

Case No.

COMPLAINT

and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein.

5. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

6. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

7. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

8. Defendants, including Does 1 through 100, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over the Family Medical Leave Act claims pursuant to 29 U.S.C. §2617 (29 CFR Part 825.400(a)(2)). Jurisdiction of the Court over Plaintiff's federal claims is invoked pursuant to the provisions of 28 U.S.C. Sections 1331, 1339 and/or 1343.

10. The Court's supplemental jurisdiction over Plaintiff's claims under state law is invoked pursuant to the provisions of 24 U.S.C. §1367. The claims which arise under state law are so related to claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

11. Personal jurisdiction and venue are proper under 18 U.S.C. §1965 and 28 U.S.C. §1391 since the Defendants are residents of, have agent or agents, and/or transact their affairs in this District, and the unlawful conduct complained of occurred in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff began his employment with Defendant Scandinavian Designs in November of 2010.

13. On information and belief, at all relevant times herein, Plaintiff was qualified under the Family Medical Leave Act and California Family Rights Act because he had worked for Defendant Scandinavian Designs more than 12 months and at least 1,250 hours over the past 12 months, and was working at a location where the company employed 50 or more employees within 75 mile.

14. On or about December 27, 2012, Plaintiff requested a 2-week leave from work due to his need to travel to Mexico to take care of his mother who was in a serious medical condition. He asked his supervisor if he needed to fill out a request form, but his supervisor told him that it was not necessary and he asked him to bring a note from the doctor regarding his mother's medical condition.

15. When he returned to work two weeks later in January of 2013, Plaintiff

presented the doctor's note. Despite the medical documentation of his mother's serious medical condition, Defendant Scandinavian Designs terminated his employment. On information and belief, Plaintiff was terminated for taking time off to take care of his sick mother and exercising his rights under the Family Medical Leave Act and California Family Rights Act.

## FIRST CAUSE OF ACTION

### (Family Medical Leave Act Violation - Retaliation)

### (Against All Defendants)

16. Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

17. At all relevant times herein, Plaintiff was eligible for leave under the Family Medical Leave Act.

18. At all relevant times herein, Plaintiff exercised his rights under the Family Medical Leave Act.

19. On information and belief, Plaintiff was terminated in retaliation for taking time off from work to care for his mother who was in a serious medical condition and exercising his rights under the Family Medical Leave Act.

20. As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of past and future earnings and benefits, all in an amount subject to proof at the time of trial.

21. As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

22. As a direct and proximate result of said wrongful acts by Defendants, Plaintiff is entitled to liquidated damages.

## SECOND CAUSE OF ACTION

**(California Family Rights Act Violation - Retaliation)**

**(Against All Defendants)**

23. Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

24. At all relevant times herein, Plaintiff was eligible for leave under the California Family Rights Act.

25. At all relevant times herein, Plaintiff exercised his rights under the California Family Rights Act.

26. On information and belief, Plaintiff was terminated in retaliation for taking time off from work to care for his mother who was in a serious medical condition and exercising his rights under the California Family Rights Act.

27. As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of past and future earnings and benefits, all in an amount subject to proof at the time of trial.

28. As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

29. As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer emotional distress, despair, anxiety, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

30. As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

31. The aofrementioned actions of Defendants were done with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiff under the California

Case No.                5
COMPLAINT

1  Family Rights Act. Defendants' conduct was despicable and justifies an award of punitive
2  damages in an amount sufficient to deter them from engaging in such conduct again in the
3  future, in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of California Public Policy)

### (Against All Defendants)

7   32.  Plaintiff incorporates by reference and realleges as if fully stated herein the
8  material allegations set out above in the preceding paragraphs.

9   33.  At all relevant times herein, the Family Medical Leave Act and Government
10  Code Section 12945.2 were binding on Defendants.

11  34.  Government Code Section 12945.2 declares that it is against the Public
12  Policy of the State of California to discharge an employee because the employee has
13  exercised the right to family care and medical leave under the California Family Rights
14  Act and Family Medical Leave Act.

15  35.  These Public Policies are fundamental, of benefit to the public, and are set
16  forth in the Government Code. These statutes and policies are binding on the Defendants

17  36.  Defendants' decision to fire Plaintiff based his exercise of his right to family
18  care and medical leave violated these fundamental public policies.

19  37.  As a direct and proximate result of said wrongful acts by Defendants,
20  Plaintiff has suffered and will continue to suffer substantial losses in past and future
21  earnings and other employment benefits, along with other incidental and consequential
22  damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such
23  amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and
24  any other provision of law providing for prejudgment interest.

25  38.  As a direct and proximate result of said wrongful acts by Defendants,
26  Plaintiff has suffered and will continue to suffer emotional distress, despair, anxiety,
27  depression, and mental pain and anguish, all to her damage in an amount to be proven at
28

Case No.                                6
COMPLAINT

time of trial.

39. As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

40. The actions of Defendants were done with a willful and conscious disregard of Plaintiff's rights and subjected plaintiff to cruel and unjust hardship. Defendants' conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

ON ALL CAUSES OF ACTION:

1. For general and special damages according to proof, however, no less than the jurisdictional limit of this court;
2. For economic losses, both past and future;
3. For consequential damages;
4. For punitive damages according to proof;
5. For liquidated damages under the FMLA,
6. For attorneys' fees as provided by law;
7. For prejudgment, post-judgment and other interest as provided by law;
8. For cost of suit incurred herein; and
9. For such other and further relief as the Court deems fair and just.

Case No.  7
COMPLAINT

| | |
|---|---|
| Dated: September 12, 2013 | **LAW OFFICES OF MICHAEL H. KIM, A PROFESSIONAL CORPORATION**<br><br>By: /s/ Michael H. Kim<br>Michael H. Kim, Esq.<br>Attorneys for Plaintiff<br>NICOLAS MOLINA |

Case No.     8
COMPLAINT